Filed in open Court This 10th day of July 2008

NMS

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Criminal Action No. 08-57-JJF |
| | ) |
| DAWANN DIXON, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OF PLEA AGREEMENT**

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Joseph S. Grubb, Special Assistant United States Attorney, and the defendant, DAWANN DIXON, by and through his attorney, Eleni Kousoulis, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with being a felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2). The maximum penalties for Count One are a term of imprisonment of ten years; a $250,000 fine, or both; three years supervised release; and a $100 special assessment. At sentencing, the Government will move to dismiss Count Two of the indictment, which charges him with possessing cocaine, a controlled substance, in violation of Title 21, United States Code, Section 844(a), which would have carried a mandatory minimum sentence of ninety days incarceration.

2. The defendant understands that if there were a trial, the Government would have to

prove the following elements with respect to Count One of the Indictment: (1) that the defendant knowingly possessed a firearm; (2) that at the time of the defendant's possession of the firearm, he had been convicted previously of a crime punishable by a term of imprisonment exceeding one year; and (3) that the firearm affected interstate commerce, that is, that it had previously crossed state lines.

3. In connection with this Memorandum, the defendant admits: (1) that, on or about April 6, 2008, he knowingly possessed a firearm, that is, a .25 caliber semi-automatic Dusek handgun, Serial No. 107980; (2) that at the time the defendant possessed the firearm, he had been convicted previously on or about March 28, 2007, of a crime punishable by imprisonment for a term exceeding one year, in the United States District Court for the District of Delaware; and (3) that prior to the defendant's possession of the firearm, the firearm crossed state lines into Delaware.

4. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged ion Count One of the indictment, to wit, a .25 caliber semi-automatic Dusek handgun, Serial No. 107980 and the magazine containing five rounds of .25 caliber ammunition and twenty-two other rounds of .25 caliber ammunition seized from him on April 6, 2008 by police. The defendant further agrees to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands the forfeiture of assets is part of the sentence that may

be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

5. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in Title 18, United States Code, Section 3553(a) in determining an appropriate sentence. At this stage, the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

6. Provided that the United States does not learn after the entry of the defendant's guilty plea of conduct by the defendant that is inconsistent with acceptance of responsibility, the United States agrees to recommend a two-level reduction in the defendant's Sentencing Guidelines range pursuant to U.S.S.G. § 3E1.1.

7. The defendant agrees to pay the $100 special assessment the day of sentencing. Should he fail to do so, the defendant agrees to enter voluntarily into the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program, through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

8. The United States Attorney reserves the right to defend any ruling of the District Court.

9. It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in a written document signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

|  |  |
|---|---|
| _Eleni Kousoulis_ <br> Eleni Kousoulis, Esquire <br> Attorney for Defendant | COLM F. CONNOLLY <br> United States Attorney <br><br> By: _Joseph S. Grubb_ <br> Joseph S. Grubb <br> Special Assistant United States Attorney |
| _Dawann Dixon_ <br> DAWANN DIXON <br> Defendant | |

Dated: 7-10-08

**AND NOW**, this __10__ day of __July__ 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (~~rejected~~) by this Court.

_Joseph J. Farnan_
Hon. Joseph J. Farnan, Jr.
United States District Judge

4